KNICKERBOCKER HOTEL AND REALTY COMPANY,
complainant-respondent,

*v.*

JOSEPH F. CLABBY, defendant-appellant.

[Submitted June term, 1922.   Decided November 20th, 1922.]

A decree in equity dismissing a bill for the specific performance of a contract which provided that the decree should not in any way be operative or used as a bar to any suit at law that in the future might be brought by the complainant—*Held*, valid under the authority of such court to dismiss a bill for specific performance without prejudice to the petitioner's right to sue at law on the contract.

———

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Messrs. Thompson & Hanstein,* for the appellant.

*Mr. Clarence L. Cole,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The vice-chancellor, after a final hearing, dismissed complainant's bill of complaint, which was for specific per-

formance of a contract for the sale of certain lands in Atlantic City, in which the appellant was vendor.

The respondent, the defendant below, bases his appeal upon the ground that he is aggrieved by an erroneous direction, in the decree dismissing the bill, as follows:

"And it is further ordered, adjudged and decreed that this decree shall not in any way be operative or used as a bar to any suit at law that in the future may be brought by the complainant."

The power of the court to make such a direction in the decree is impugned by appellant's counsel. They contend that the court is without power to make any such order and in support of their contention argue that the issue raised by the bill and answer was tried out on its merits by the court which had jurisdiction of the matter, and, therefore, its decree dismissing the bill was conclusive on the rights of the parties to the litigation and cannot be again litigated in any future action between the same parties.

While it is true, generally speaking, that a decree duly signed and enrolled may be pleaded in bar to any new bill for the same matter, no case can be found in the books which deny the power of the court of chancery to dismiss a bill without prejudice to the complainant to file a new bill or bring an action at law.

In *2 Dan. Ch. Pl. & Pr. (6th Am. ed.) 995,* the learned author says:

"It is to be observed that although a decree of a dismissal of a bill for the specific performance of an agreement, or for the interference of the court in aid of legal rights, does not carry with it an implied injunction against a subsequent proceeding at law, it is the practice of the court to insert in the decree of dismissal of such a bill that it should be without prejudice to a subsequent proceeding at law; but whether it is introduced or not, the plaintiff, after a bill of specific performance has been dismissed at the hearing, is still considered by the court of equity as at liberty to bring his action at law upon the contract, unless the court think proper specifically to restrain him by injunction from so doing."

An examination of the English chancery cases fully support the learned author's text.

In *Woollam* v. *Hearn, 7 Ves. 211b, 222,* in a suit for specific performance, after a hearing on the merits, the bill was dismissed without costs and without prejudice to the filing of another bill.

In *Lindsay* v. *Lynch, 2 Sch. & Lef. 12,* also a case for specific performance, Lord-Chancellor Redesdale decreed: "Let the plaintiff's bill be dismissed without prejudice to any bill which the plaintiff may hereafter be advised to file for obtaining a lease for his own life of the premises in the pleadings mentioned."

*Stevens* v. *Guppy, 3 Russ. 171,* another case for specific performance, in dismissing the bill, Lord-Chancellor Lynd-hurst (at *pp. 185, 186*) said: "Lord Eldon, when the case was before him, stated that if he dismissed the bill, he should think it proper to add, as a qualification to the decree, that the dismissal should be without prejudice to any suit or proceeding, which Stevens might think fit to institute, for the purpose of recovering compensation for any injury or loss which he might have sustained by the acts of the defendant. This has been done in several cases and an instance of it occurs in *Lindsay* v. *Lynch.* I shall take that course and shall modify the decree by a similar qualification."

From the cases cited it appears that this has been the accepted general practice in England for more than a century, and still persists. It is not to be marveled at that the practice referred to has become firmly imbedded in equity jurisprudence, for it is most salutary in its operation, in that it prevents obstructions to the attainment of justice.

Turning to the reported decisions of the equity courts of this state, while an examination of them fails to disclose any case in which the power of the court to make such a qualification in the decree, as was made in the present case, was ever drawn into question, the absence of any such reported case is potential as favoring the view that the English equity practice was acquiesced in and followed.

But we find numerous decisions in our equity reports

which, impliedly, fully recognize the power of a court of equity to dismiss a bill of complaint with a qualification as was made by the learned vice-chancellor in the case *sub judice.*

In *Stoutenburgh* v. *Tompkins, 9 N. J. Eq. 332,* a case where a bill for specific performance was dismissed because the contract sought to be enforced was considered an unconscionable one, the learned chancellor (at *p. 335*) cites with approval what was said by Mr. Justice Thompson in *King* v. *Hamilton, 4 Pet. 311,* and which is as follows: "A court will not decree specific performance, where it would be inequitable, under all the circumstances of the case. The power of a court of chancery to enforce a specific execution of a contract is a very valuable and important one; but it is to be exercised under the sound discretion of the court, with an eye to the substantial justice of the case. When a contract is hard and destitute of all equity, the court will leave parties to their remedy at law." And so it was held in *Brewer* v. *Wilson, 17 N. J. Eq. 180,* that equity will not decree specific performance of a contract where it is reasonably doubtful whether the contract was finally concluded, but will leave the parties to their remedy at law. This court, in *Crane* v. *De Camp, 21 N. J. Eq. 414* (at *p. 418*), enunciates the general rule thus: "There is no rule in equity more clearly established than that upon an application for a specific performance of a contract, the court must be satisfied that the claim is fair, reasonable and just, and the contract equal in all its parts. If these points are not established by the complainant he will be left to his remedy at law." To the same effect is *Worth* v. *Watts, 76 N. J. Eq. 299,* Mr. Justice Parker speaking for this court (on *p. 304*).

Manifestly, the equitable rule under discussion would be of no practical or beneficial value unless it could be put into effective operation. The court was clothed with the power to dismiss the bill and to leave the parties to their remedy at law. This power the court exercised in the present case. The fact that the order of the decree, substantially, states at

length the legal effect that the order dismissing the bill shall have, does not afford any ground for a successful attack upon the validity of the order.

The form of the order is of no material consequence so long as it does not encroach upon any legal or equitable right, and we think it does not, and, moreover, it finds support in what was said by Lord-Chancellor Lyndhurst in *Stevens* v. *Guppy, supra*.

The order contained in the decree is affirmed, with costs, to the respondent on this appeal.

*For affirmance* — THE CHIEF-JUSTICE, SWAYZE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—14.

*For reversal*—None.